UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES BURNS,

                  Plaintiff,

v.                                        5:12-CV-0229
                                          (GTS/ATB)

STEPHEN S. DAILEY; and ALAINA
RICHARDS,

                  Defendants.
_____

APPEARANCES:                               OF COUNSEL:

FRIEDLANDER, FRIEDLANDER        MICHAEL L. ARCESI, ESQ.
& ARCESI, P.C.                           WILLIAM S. FRIEDLANDER, ESQ.
  Counsel for Plaintiff
425 Park Avenue
Waverly, NY 14892-0109

BARTH SULLIVAN BEHR              DAVID H. WALSH, IV, ESQ.
  Counsel for Defendants
224 Harrison Street
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## **MEMORANDUM-DECISION and ORDER**

      Currently before the Court, in this personal injury action filed by Charles Burns ("Plaintiff") against Stephen S. Dailey and Alaina Richards ("Defendants"), are (1) Defendants' motion to vacate the Clerk's entry of default against them pursuant to Fed. R. Civ. P. 55(c) (Dkt. No. 13), and (2) Plaintiff's cross-motion requesting that, should the Court grant Defendants' motion, it require Allstate to post a bond for the value of the insurance policy (Dkt. No. 15). For the reasons set forth below, Defendants' motion is granted, and Plaintiff's cross-motion is denied.

I.  **RELEVANT BACKGROUND**

   A.  **Plaintiff's Complaint**

Generally, liberally construed, Plaintiff's Complaint claims that Defendant Dailey violated his duty of care to Plaintiff rights by negligently operating a motor vehicle through failing to look ahead, failing to yield and failing to give warning of his intentions. (*See generally* Dkt. No. 1 [Plf.'s Compl.].) In addition, Plaintiff's Complaint claims that Defendant Richards violated her duty of care to Plaintiff by negligently entrusting her vehicle to Defendant Dailey when she knew or should have known that he was incapable of properly operating that vehicle. (*Id.*)

Generally, in support of these claims, Plaintiff's Complaint alleges as follows. On January 27, 2011, at approximately 10:57 a.m. in Syracuse, New York, Plaintiff, a citizen of Maryland, was operating a tractor-trailer heading north on Interstate 81. (*Id.*) Simultaneously, Dailey, a citizen of New York, was operating Richards' 1998 Saturn heading north on the ramp that merged from Route 481 onto Interstate 81. (*Id.*) The two vehicles collided approximately 100 feet north of the intersection between Route 481 and Interstate 81, causing Plaintiff unspecified personal injuries. (*Id.*)

Familiarity with Plaintiff's claims, and factual allegations supporting them, is assumed in this Decision and Order, which is intended primarily for review by the parties.

   B.  **Procedural History of Action**

Plaintiff filed his Complaint in this action on February 3, 2012. (Dkt. No. 1.) On March 19, 2012, Plaintiff filed his Affidavit of Service indicating that, on March 9, 2012, Plaintiff's agent served Defendant Richards with the Summons and Complaint. (Dkt. No. 5.) On April 4,

2012, Plaintiff filed his Affidavit of Service indicating that, on March 23, 2012, Plaintiff's agent served Defendant Dailey with the Summons and Complaint. (Dkt. No. 6.) Pursuant to Fed. R. Civ. P. 12, Defendants had twenty-one (21) days to serve a responsive pleading within that time period. Fed. R. Civ. P. 12(a)(1)(A)(i). When Defendants failed to file responsive pleadings, Plaintiff filed a Request for Entry of Default on June 4, 2012. (Dkt. No. 7.) On June 5, 2012, the Clerk of the Court ("the Clerk") entered default against Defendants pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 8.)

On July 24, 2012, Plaintiff's attorney notified Defendants' insurance carrier, Allstate Insurance Company ("Allstate"), of the pending lawsuit and entry of default. Allstate took steps to respond to the pending lawsuit. On August 2, 2012, David H. Walsh, IV, filed a notice of appearance on behalf of both Defendants. (Dkt. No. 10.) That same day, Defendants filed their Answer to Plaintiff's Complaint. (Dkt. No. 11.) On August 21, 2012, Defendants moved to vacate the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(c). (Dkt. No. 13.)

### C. Parties' Briefing on Defendants' Motion

Generally, in support of their motion to vacate the Clerk's entry of default against them pursuant to Fed. R. Civ. P. 55(c), Defendants assert the following three arguments: (1) defense counsel's failure to file a responsive pleading in this case was not willful, because Allstate was not notified of the lawsuit until July 24, 2012, and thereafter took timely and appropriate steps to obtain a copy of the summons and complaint, interpose an answer and move to vacate default, all of which occurred within 30 days of notification of the claim; (2) Defendants have three meritorious defenses to the claims, including (a) the defense that Plaintiff has not sustained a serious injury as required by New York Insurance Law §§ 3420(f)(i) and 5102(d), (b) the

3

defense that Defendant Dailey was faced with a sudden emergency, namely slippery or icy pavement, which serves as a complete bar to negligence, and (c) the defense that Plaintiff struck Defendant Dailey's vehicle, demonstrating that Plaintiff was the sole cause of the accident; and (3) Plaintiff would not be prejudiced if the Court vacated default because a four-month delay alone is not sufficient basis for establishing prejudice, and Plaintiff has not suffered any disadvantage in discovery, which has not yet begun. (*See generally* Dkt. No. 13, Attach. 4 [Defs.' Memo. of Law].)

Generally, in response to Defendants' motion to vacate default, Plaintiff asserts the following three arguments: (1) Defendants' failure to file a responsive pleading in this case was willful because (a) there are no assertions that Defendants did not have proper notice, and (b) Allstate was aware of the accident in January 2011, which negates any claim of surprise or good faith inadvertence as an excuse for its dilatory response; (2) Defendants have failed to meet their burden of establishing meritorious defenses, because (a) they have not provided any medical records to show that Plaintiff did not sustain serious injury, (b) Defendants cannot overcome binding New York precedent holding that slippery roads do not constitute a sudden emergency, and (c) Defendants make only conclusory allegations that they did not cause the accident, which is contradicted by a police report citing "unsafe speed" as an apparent contributing factor; and (3) Plaintiff is prejudiced because (a) it is uncertain whether Plaintiff will have the same access to discoverable material if default is vacated, and (b) if default is vacated, he is likely to find himself pursuing this claim against absent or missing defendants and an insurance disclaimer. (Dkt. No. 15.) In the alternative, Plaintiff requests that the Court vacate the Clerk's entry of default only on the condition that Allstate file a bond in the amount of Defendants' insurance coverage to preserve the Defendants' insurance coverage status as of the date of service. (*Id.*)

4

Generally, in their reply, Defendants reassert the arguments made in their motion to vacate default (Dkt. No. 16 [Defs.' Reply Memo. of Law].)[1]

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions to Vacate Default

A clerk's entry of default may be set aside by a court for good cause. Fed. R. Civ. P. 55(c). "Generally, the standard for setting aside the entry of a default pursuant to [Fed. R. Civ. P.] 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to [Fed. R. Civ. P.] 60(b)." *Gates v. Wilkinson*, 03-CV-0763, 2005 WL 3115826, at *1 (N.D.N.Y. Nov. 21, 2005) (Sharpe, J.) (citing *Meehan v. Snow*, 652 F.2d 274, 276 [2d Cir. 1981]). "Courts in this Circuit have construed 'good cause' in this context broadly." *Brady v. W. Overseas Corp.*, 04-CV-2878, 2008 WL 4936875, at *4 (E.D.N.Y. Nov. 14, 2008) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 [2d Cir. 1993]).

"In deciding whether good cause exists, the court examines [the following] three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Brady*, 2008 WL 4936875, at *4. "In applying this analysis, the court must bear in mind the well-established preference for resolving litigation disputes on the merits." *Id.* "Any doubts as to whether a default should be vacated must be resolved in favor of trial on the merits." *Id.*

---

[1] To the extent that Defendants' submission of October 22, 2012, is intended to be a reply to Plaintiff's response to their motion (rather than a response to Plaintiff's cross-motion), that reply violates Local Rule 7.1(b)(2) of the Local Rules of Practice for this Court. (Dkt. No. 16.) When a non-dispositive motion is pending, reply papers are not permitted without leave of the Court. N.D.N.Y. L.R. 7.1(b)(2). Because a motion to vacate default is non-dispositive in nature, Defendants were not permitted to file a reply without prior leave. 28 U.S.C. § 636(1)(A); *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp.2d 70, 74 (N.D.N.Y. 2000) (Scullin, J.) (finding that 28 U.S.C. § 636[1]A "identifies what is to be considered a 'dispositive matter,' such that anything not included is classified by default as a 'nondispositive matter'"). However, because the Court finds that doing so is in the interest of judicial efficiency, it has considered Defendants' submission of October 22, 2012.

As to the first factor, generally, in this Circuit, willfulness does not include careless or negligent errors even when the negligence is gross. *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (finding that the defendant's failure to file an Answer due to a filing mistake by a staff member for in-house counsel was not willful or deliberate and did not constitute bad faith); *MacEwen Petroleum, Inc. v. Tarbell*, 173 F.R.D. 36, 39 (N.D.N.Y. 1997) (McAvoy, C.J.) (noting that a party's attorney's failure to write down a deadline, and thus miss a deadline while on vacation, was not willful, even where the attorney failed to follow-up on the matter immediately upon his return).

As to the second factor, a defense is meritorious where it is "good at law so as to give the fact finder some determination to make." *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. 2010) (quoting *Am. Alliance Ins. Co., Ltd.*, 92 F.3d at 61). The test to determine whether a meritorious defense has been presented is measured "not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98. Evidence must be submitted to support the proposed defense amounting to more than a conclusory denial. *Id.* However, allegations can be found to be meritorious where "they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense." *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (quoting *Keegel v. Key W. & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 [D.C. Cir. 1980]).

As to the third factor, "[t]o establish prejudice in the context of a default, there must be a showing that the delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Arthur F. Williams, Inc. v. Helbig*, 208 F.R.D. 41, 45 (E.D.N.Y. 2002) (quoting *Davis v. Musler*, 713 F.2d 907, 916 [2d Cir. 1983]) (internal quotation marks omitted).

## III. ANALYSIS

As stated above in Part I.C. of this Decision and Order, Defendants seek to vacate the Clerk's entry of default against them because (1) their failure to submit papers was due to an unintentional mistake, (2) Defendants have meritorious defenses, and (3) vacating default would not prejudice Plaintiff. (*See generally* Dkt. No. 13, Attach 4 [attaching Defs.' Memo. of Law].)

### A. Willfulness of Default

After carefully considering the parties' arguments on this issue, the Court finds that Defendants did not willfully default in this action, for the reasons stated by Defendants in their memorandum of law. (Dkt. No. 13, Attach. 4, at 2-3 [attaching pages "2" and "3" of Defs.' Memo. of Law].) The Court would add only one brief point.

It is undisputed that Defendants failed to file an Answer until after default was entered. In explaining this delay, Defendants argue only that Plaintiff failed to inform Allstate of the lawsuit until July 24, 2012, and that Allstate did not receive the relevant documents enable them to file an Answer until July 28, 2012. The Court notes that the Defendants do not argue that they did not have notice of the claims. In addition, the Court is concerned about the uncertainty regarding the whereabouts of Defendants. However, it is apparent that, after learning about the suit, Allstate diligently communicated with Plaintiff. An attorney appeared on behalf of Defendants, answered, and moved to vacate default within 30 days after notification was given to Allstate. Although it appears to have been careless for Defendants not to have notified their insurer of a pending lawsuit, nothing suggests (based on the current record) that this failure was intentional or egregious.[2]

---

[2] *See Altamirano v. Copiague Funding Corp.*, 06-CV-1751, 2007 WL 1232178, at *2 (D. Conn. Apr. 25, 2007) (vacating default where defendant failed to tell his attorney about a pending lawsuit despite being notified four months prior to entry of default because defense counsel "did not receive the relevant documents from Defendant to enable him to draft an answer"); *Argus Research Group, Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529, 532 (E.D.N.Y. 2002) (vacating default where former president failed to inform new president of pending lawsuit).

For all of these reasons, the Court accepts Defendants' argument that their failure to file a responsive pleading was not willful.

B. **Meritoriousness of Defense**

After carefully reviewing the parties' arguments on this issue, the Court finds that Defendants have set forth at least two meritorious defenses: (1) the defense that Defendant Dailey was faced with a sudden emergency, namely slippery or icy pavement, which serves as a complete bar to negligence; and (2) the defense that Plaintiff has not sustained a serious injury as required by New York Insurance Law §§ 3420(f)(i) and 5102(d). Generally, the Court reaches this conclusion for the reasons stated by Defendants in their memorandum of law. (Dkt. No. 13, Attach. 4, at 4-5 [attaching pages "4" and "5" of Defs.' Memo. of Law].) The Court would add only two brief points.

With regard to the first above-described defense, contrary to Plaintiff's argument, the emergency doctrine remains applicable to some situations involving icy roads, especially when the defendant did not know of the existence of the dangerous condition. *Carista v. Sanzone*, 96 N.Y.2d 172, 172 (N.Y. 2001) (holding that the emergency doctrine "is still a part of New York law" but declining to apply it to a situation where the defendant lost control of vehicle on an icy road despite knowing that it was below freezing, it had been snowing for two hours, and that he was driving on a hill). Here, there is no evidence in the record establishing that Defendants were aware of hazardous conditions on the day of the accident or that it had been snowing for an extended length of time. *Dalton v. Lucas*, 96 A.D.3d 1648, 1649 (N.Y. App. Div., 4th Dep't 2012) (citing cases). As a result, it appears to remain possible for the emergency doctrine to serve as a complete defense to Plaintiff's claims.

With regard to the second above-described defense, nothing in the record demonstrates that Plaintiff suffered serious injury under New York Insurance Law §§ 3420(f)(i) and 5102(d). Although Plaintiff has made conclusory allegations as to the injury, the record is silent as to the actual extent of the injury.[3] Because this case remains in the relatively early stage of litigation, the Court declines Plaintiff's invitation to require Defendants to provide "records or other medical evidence" negating Plaintiff's conclusory allegations.

For all of these reasons, the Court accepts Defendants' argument that they have set forth at least two meritorious defenses.

C.     **Potential Prejudice to Plaintiff**

After carefully reviewing the parties' arguments on this issue, the Court finds that Plaintiff will not be prejudiced if the case is re-opened for the reasons stated by Defendants in their memorandum of law. (Dkt. No. 13, Attach. 4, at 3-4 [attaching pages "3" and "4" of Defs.' Memo. of Law].) The Court would add only one brief point.

The delay in this case was four months. Plaintiff has argued that Defendants and their insurer have an unfair advantage because they have already received discoverable information, such as a police report. However, it is apparent that Plaintiff too has access to the police report and will soon have a fair opportunity to engage in full discovery. Moreover, the Court is not persuaded by Plaintiff's argument that, if the entry of default is vacated, he will be unduly prejudiced by the possibility that Allstate will disclaim coverage as against Defendants.

---

[3]     The Court emphasizes that diversity jurisdiction, on which this Court's jurisdiction is based, requires the amount in controversy to be more than $75,000. The Court will not address the issue of whether the Complaint contains factual allegations plausibly suggesting this amount in controversy, because the issue has not been raised here; however, the Court will remand this case if it becomes apparent in the future that the amount-in-controversy requirement has not been satisfied. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

For all of these reasons, the Court does not find sufficient potential prejudice to Plaintiff if this case is re-opened. As a result, Defendants' motion to vacate entry of default is granted.

### D. Condition for Vacating Default

After carefully reviewing Plaintiff's cross-motion requesting that Allstate post a bond for the value of the insurance policy, the Court finds it unnecessary for Allstate to post a bond as a condition of vacating default.

Plaintiff has cited no case law to support his position. Indeed, it appears that the posting of a bond is necessary only in limited circumstances where there is a real risk that a party will not fulfill its obligations. *See Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 516 (2d Cir. 2001) (requiring defendant to post a bond where there was evidence that defendant engaged in a "collusive efforts to place their assets beyond the reach of judgment creditors"). Here, Allstate is not currently a party in this litigation. Moreover, there is no evidence that Allstate has obstructed the judicial process or would otherwise fail to satisfy a valid judgment against them. Instead, Allstate promptly took action, obtained the relevant documents and appears to have played a significant role in obtaining an attorney to appear of behalf of the Defendants. For all these reasons, the Court declines to impose any conditions upon vacating entry of default.

However, as stated above in Part III.A. of this Decision and Order, the Court remains concerned about the uncertainty regarding the whereabouts of Defendants, and their ability and willingness to participate in this litigation. The Court emphasizes that Plaintiff is free to move, in the future, for entry of default, default judgment and/or sanctions, should Defendants not fulfill their obligations in this action (e.g., regarding depositions, interrogatory responses, document discovery, and/or settlement demands). Moreover, as stated above in note 3 of this Decision and Order, the Court maintains concern whether there is an appropriate jurisdictional basis for this case in federal district court.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to vacate the Clerk's entry of default against them pursuant to Fed. R. Civ. P. 55(c) (Dkt. No. 13) is **GRANTED**; and is further

**ORDERED** that Plaintiff's cross-motion requesting that Allstate post a bond for the value of the insurance policy (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that the parties contact United States Magistrate Judge Andrew T. Baxter to schedule a Rule 16 Conference.

Dated: December 12, 2012
   Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge